## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **OMAR HADDAD** | § | |
| **(Hays County Jail #912080)** | § | |
| | § | |
| **V.** | § | **A-26-CV-00504-ADA** |
| | § | |
| **ANTHONY HIPOLITO** | § | |

## ORDER

Before the Court is Petitioner Omar Haddad's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges his arrest was illegal. He explains the officer said Petitioner drove over a sidewalk that was attached to a driveway and that Petitioner drank several bottles of liquor. Petitioner argues this is "hearsay." Petitioner further complains that he was not read his *Miranda* rights during the search of his vehicle. Petitioner complains that there is only a pre-indictment. However, he then claims the indictment is not signed by a grand jury foreman, and he attaches a copy of the Indictment to his petition. Petitioner wants to be released from jail so that he can fight his case while out on bond.

Public records reflect Petitioner was indicted for Possession of a Controlled Substance with Intent to Deliver – Psilocin, four grams or more but less than 400 grams. He is currently incarcerated in the Bastrop County Jail and is represented by counsel in his criminal case. Petitioner is currently set for arraignment on April 1, 2026.

Because Petitioner is a state pretrial detainee, his habeas petition is construed as one brought pursuant to 28 U.S.C. § 2241. To warrant habeas relief under section 2241, a state petitioner must be in custody and must have exhausted all available state remedies. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973). Although exhaustion of state remedies is

mandated by statute only for post-trial habeas claims under 28 U.S.C. § 2254(b), well-established Fifth Circuit precedent holds that the federal courts should abstain from exercising jurisdiction over pretrial habeas claims if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). Federal habeas relief should not be used as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts." *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). In the present case, Petitioner has not presented his claims to the Texas Court of Criminal Appeals. As there has been no fair presentation of Petitioner's claims to the state courts, the state courts have not had the initial opportunity to pass upon and correct any alleged errors of federal law. Petitioner also has not shown that trial or existing state procedures, including pretrial habeas review, direct appeal, and post-trial state habeas review, are insufficient to protect his constitutional rights. Accordingly, his habeas corpus claims are unexhausted and may not go forward here.

Moreover, Petitioner's claims are subject to application of the *Younger* abstention doctrine. The *Younger* abstention doctrine discourages federal courts from interfering with state criminal proceedings except in extraordinary circumstances where the danger of irreparable loss is both great and immediate. *Younger v. Harris*, 401 U.S. 37, 45 (1971). Its purpose is to protect on federalism grounds the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction, and to limit federal interference in the state adjudicatory process. *See Dickerson*, 816 F.3d at 225; *Braden*, 410 U.S. at 490–91. In short, it is to prevent

federal habeas relief's use as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the [petitioner] has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). All prerequisites for abstention under *Younger* are met in the instant case.

The Court notes Petitioner already filed a Section 2241 petition in Cause No. A-26-CV-376-ADA. The Court warns Petitioner that the filing of repetitive frivolous petitions could result in sanctions.

It is therefore **ORDERED** that Petitioner Omar Haddad's Petition for Writ of Habeas Corpus Relief under 28 U.S.C. § 2254 is construed as a petition under 28 U.S.C. § 2241 and is **DISMISSED WITHOUT PREJUDICE**.

It is finally **ORDERED** that a certificate of appealability is **DENIED**.

SIGNED on March 4, 2026.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

3